## PROSECUTING ATTORNEY—ELECTIONS—BONDS.

[Defiance Circuit Court, March, 1896.]

STATE EX REL. AUSBERRY V. SLOUGH.

1. MEANING OF THE WORDS "PROPER ELECTION."

The words "proper election" as used in section 11, Revised Statutes, mean the first regular recurrence of that election at which the officer, whose successor is to be chosen, was elected; that is, the first election occurring, appropriate to that particular office, under the law regulating elections to that office.

2. OMISSION IN BOND OF PROSECUTING ATTORNEY.

The omission from the official bond of a prosecuting attorney of the condition requiring him to pay over all moneys received by him in his official capacity, is not a serious defect, and is cured by the express provisions of section 7, Revised Statutes.

IN QUO WARRANTO.

DAY, J.

This is a proceeding in quo warranto, instituted by the relator, J. J. Ausberry, against John W. Slough, respondent, the object and purpose of which is to procure a judgment and order of this court ousting respondent from the office of prosecuting attorney of Defiance county, and inducting the relator into said office.

From the petition, answer and reply, and certain admissions or agreements of fact, made by the parties on the hearing, we glean the following as the undisputed facts of the case: James B. Woods was the regular elected, qualified and acting prosecuting attorney of Defiance county, his term beginning the first Monday in January, 1894, and continuing, by statutory provision, until the first Monday in January, 1897. On September 13, 1895, Woods died, and on that day there occurred a vacancy in said office. The vacancy occurred more than thirty days before the general election of that year, which general election took place November 5, 1895. The relator became a candidate for said office, for the unexpired term of Woods, and with others was balloted for, for that office, at said general November election, by the electors of the county. The relator proved the more popular candidate, received the highest number of votes cast for said office, and was duly elected thereto. He was promptly in receipt of a commission signed by the governor, attested by the secretary of state, under the great seal of the state. The commission was in due and proper form, and authorized the relator to do

and perform, all and singular the duties of prosecuting attorney of Defiance county, Ohio, for a term of three years. Relator gave bond in a sum fixed by the probate court, with approved sureties, and conditioned as the law provides, except, there was omitted from the bond the condition: "And pay over, according to law, all moneys by him received in his official capacity;" was sworn as such officer, and on the 6th day of January, 1896, presented himself at the office of the prosecuting attorney of Defiance county, and demanded the properties and rights appertaining thereto, of respondent John W. Slough, who was in possession of said office and exercising the rights and powers thereof, and was refused by Slough, who declined to vacate or yield possession to the relator. In November, 1895, after commission was issued to relator, Slough was appointed to said office, by the court of common pleas of said county, to fill a vacancy in said office of prosecuting attorney, which the said court found to exist at that time. Slough at once qualified by giving a proper bond, was sworn as such officer, and immediately entered upon the discharge of the duties of the office, and still continues to exercise the office, and proposes to continue to exercise it, to the exclusion of the relator, until the first Monday in January, 1897, if allowed to do so. Relator and respondent are each, at least, twenty-one years of age, citizens of the county, attorneys at law, and eligible to the office of prosecuting attorney.

These gentlemen are, no doubt, in the utmost good faith in the matter, each believing himself entitled to have and enjoy the office of prosecuting attorney of Defiance county, with his claim of right based on the solid rock of justice and law; but one of them is mistaken, clearly so, for, as the law now is, both cannot be the prosecuting officer of Defiance county, at the same time. Only one of them is entitled to act in that capacity, and our problem is, to ascertain and declare which one —the relator, by virtue of his election by the people, or, the respondent by reason of his appointment by the common pleas court?

Counsel for the relator suggests, in argument, that no vacancy in fact existed at the time the appointment of respondent was made, for the reason that the vacancy had been filled by an election by the people, prior to the time the order of appointment was made; and that because of this, the appointment was without warrant of law and void, and that respondent is not entitled, even, to pose as a good faith occupant of the office by appointment to fill a vacancy, but is a usurper, and should be summarily termed such.

This suggestion seems foreign to any issue in the case, and whether approved or not, does not aid the relator in any way, since he must prevail, if at all, upon the strength and validity of his own right, and not upon the weakness and invalidity of that of his adversary. The suggestion, however, is met by the counter one that there is, because of a lack of diligence on the part of the relator in failing to promptly qualify, or in failing to advise the court of his readiness to act, an apparent vacancy, upon which the court took action; that Slough was designated by the court, and acting as prosecuting attorney, discharging the duties of the office, in fact, during a term of the court, so that *de facto*, if not *de jure*, he was and is the prosecuting attorney of the county, by appointment of the common pleas court, to fill a vacancy in virtue of the provisions of law. In view of these suggestions, and to obviate complications in the future, or possible suggestions inimical to the public interest, we assume Mr. Slough's appointment was properly made, in

accordance with the provisions of section 1270, Rev. Stat., and regard him as a bona fide occupant of the prosecutor's office, by appointment, and entitled, in this proceeding, to make claim of any right or benefit belonging to that position.

Both, relator and respondent, rely on the provisions of section 11, Revised Statutes, as justification of the claim put forth. That section is entirely applicable and governs the case. Section 11, Revised Statutes, provides: "When an elective office becomes vacant, and is filled by appointment, such appointee shall hold the office till his successor is elected and qualified, and such successor shall be elected at the first proper election that is held more than .thirty days after the occurrence of the vacancy," etc.

The relator appeals to the provisions of this section of the statutes, and claims that his election by the electors at the general .election of November, 1895, was in accordance with its provisions—was a proper election for prosecuting attorney, it being the first one, and occurring more than thirty days after the happening of the vacancy, and that he is entitled to the office. Respondent appeals to the same section, and asserts the election of November,·1895, was not a proper one for the election of a successor to the deceased prosecutor, Mr. Woods, within the clear meaning of its provisions; and because not a proper one, the relator is not entitled to the relief he seeks. The claim is made for respondent, in substance, that under the provisions of law, there can be no election in Defiance, or any county in the state, to fill a vacancy in the office of prosecuting attorney. That a ·proper construction and correct rendering of the phrase, "first proper election," in this case would refer to the first November election occuring before the expiration of the term for which James B. Woods, deceased, was elected, and would be the November election of 1896; and meanwhile, the balance of the unexpired term of Wood must be filled. by the appointee of the common pleas court.

We think the position taken by respondent is not tenable. The construction contended for by him is an extreme and very strained one, and not at all suggested or warranted·by anything in the wording of section 11, or the evident purpose of its enactment, or the connection in which it is to be considered and applied; and if allowed would render nugatory the entire section. Section 11, it will be observed, is general in its provisions, and, by its terms, evidently intended to apply to vacancies in all elective offices where provision is not made, and provides a method or rule by which all such vacancies must be filled. It is the only general provision of law on the subject, and is so framed that it directly covers the ground and supplies a rule of filling vacancies to be considered and applied in connection with the provisions of the various sections of the statutes having reference to the election of officers, whether the time of election provided is the annual November or April election, or a special election. Section 2978, Revised Statutes, provides: 'Elections for state officers, county officers, including prosecuting attorneys, shall be held on the first Tuesday after the first Monday in November. Other sections provide that certain officers shall be elected at an annual April election. Other laws there are, providing additional common pleas judges in a number of the subdivisions, and providing for elections, some in April and some in November. An insolvent court of Hamilton county has been created and election provided for on the second Tuesday after the second Monday in November. Now, the provisions of section 11, were intended to meet the requirements and exigen-

cies as to vacancies in office likely to arise under any and all these various laws. This intent seems manifest from the use of the words "proper election," in formulating the section. Placing this construction on the section, and bearing in mind the purpose to be served, the problem here presented seems easy of solution. Indeed, the section itself, in very plain terms, furnishes the solution. It not only clearly and definitely declares and fixes the tenure of the appointee to the office, but it as clearly and definitely declares and fixes the time at which the vacancy shall be filled by an election. The tenure is not for the unexpired term; and, an election to fill the vacancy is provided for in advance of the expiration of the full term. Says the section: "Such appointee shall hold the office till his successor is elected and qualified." And "such successor shall be elected at the first proper election that is held more than thirty days after the occurrence of the vacancy."

The supreme court, in the case of *State* v. *Barber*, 45 Ohio St., 347, uses this language: "The words 'first proper election,' means the first regular recurrence of that election at which the officer, whose successor is to be chosen, was elected; that is, the first election occurring, appropriate to that particular office, under the law regulating elections to that office." Applying this statement of the law to the case at bar, the words "first proper election, etc.," mean, in this case, the first election at which, by the provisions of the law, it would be proper to vote for and choose a prosecuting attorney for the county of Defiance; and is the first annual November election that is held more than thirty days after September 31, 1895. We conclude the general election held on November 5, 1895, was a proper one at which to choose a successor in the office of prosecuting attorney of James B. Woods, deceased.

The omission from the official bond of the relator of the condition requiring him to pay over all moneys received by him inh is official capacity, is not a serious defect. By giving the bond and taking the oath required, the relator qualifies fully. The defect or omission, is cured by the express provisions of section 7, Revised Statutes.

No commission was issued to Mr. Slough, and the one issued to Mr. Ausberry authorized him to exercise the powers and duties of the office for a full term of three years, instead of the unexpired term of Woods, deceased. Neither of the facts are deemed of consequence in the disposition of the case. Notwithstanding them, the election of Ausberry, it is believed, was regular, fair and lawful. The sovereign electors of the county, in the exercise of their undoubted right, and in accordance with the provisions of law, selected him to be the prosecutor for the county. Their will thus lawfully made known is to be respected and enforced.

The election of Ausberry ended the vacancy to which Mr. Slough was appointed, and in that respect his occupation is gone. He has no warrant of law to exercise the office longer. Mr. Ausberry, being duly elected and qualified, is entitled to act in that behalf.

There will be a judgment of ouster against the respondent, Mr. Slough, and an order inducting the relator into office as prayed for in the petition.

Mr. Slough is required to pay the costs of the proceeding.

*Hubbard & Hockman* for the Relator.

*R. B. Kingsbury* for Respondent.